**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **GREG ADAMS** | **CASE NO. 6:23-CV-00825** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **GOODWILL OF ACADIANA** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Goodwill Industries of Acadiana, Inc. ("Goodwill") Rule 12(b)(6) Motion to Dismiss. (Rec. Doc. 18). Plaintiff, Greg Adams, failed to file an opposition. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is RECOMMENDED that Goodwill's Rule 12(b)(6) Motion be GRANTED.

## Factual Background

Plaintiff filed the present action *pro se* on June 15, 2023, against Goodwill alleging violation of Section 706(f) of the Civil Rights Act of 1964 ("Title VII") asserting that Goodwill engaged in harassment, discrimination, and/or retaliation in

the course of his employment. (Rec. Doc. 1). On January 16, 2024, Goodwill filed the Motion to Dismiss (Rec. Doc. 18) presently before the Court.

According to the Complaint, on March 12, 2023, Plaintiff applied for employment with the Housing Department of Goodwill. (Rec. Doc. 1, p. 1). Per Plaintiff, he informed the hiring manager that he wanted to stay in the Lafayette, Louisiana, area. (*Id*.). Plaintiff was offered the position on March 13, 2023, but was told that the only open position was in Eunice, Louisiana. (*Id*. at p. 3). The position required Plaintiff to move to Eunice and reside on the property. (*Id*.). Plaintiff maintains that he did not want to relocate, but "was kinda forced into accepting" the position because he "had been out of work for over 6 months," was on the verge of being evicted, "was deep in bills," and was financially stressed. (*Id*.).

Plaintiff was not offered any relocation expenses for his move from Lafayette to Eunice but was offered a gas card to utilize for work purposes. (*Id*.). Prior to his relocation, Plaintiff assisted with one of Goodwill's Lafayette properties while he waited for his vehicle to be repaired. (Rec. Doc. 1, p. 3). Several weeks later, Plaintiff moved to Eunice which cost him almost $1,000.00. (*Id*. at p. 4). Goodwill permitted Plaintiff to reside in one of their Eunice properties rent free, and they also covered the costs of utilities. (*Id*.).

Plaintiff was responsible for performing maintenance and repair work at the Eunice property and surrounding areas. (*Id*. at pp. 4-5). Plaintiff alleges he began

"getting harassed about using the gas card" because he turned in more receipts than the other employees. (*Id*. at p. 5). Plaintiff says his vehicle's gas tank required multiple small fill-ups due to a mechanical issue and reports that Goodwill continually questioned him about his gas receipts causing him stress. (*Id*.). On June 1, 2023, Goodwill terminated Plaintiff's employment. (Rec. Doc. 1, p. 7). Goodwill did not state a reason for Plaintiff's termination. (*Id*.). In addition to filing the June 15, 2023 Complaint, Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") but had not received a right-to-sue notice prior to filing the Complaint. (*Id*. at pp. 1-2).

Per Plaintiff, he performed his duties and "went beyond to help." (*Id*. at p. 8). Plaintiff contends that he was targeted and that no other employees were monitored. (*Id*.). He alleges that the ordeal has cost him valuable time and money, emotional distress and trauma, and has caused him to feel depressed and isolated. (*Id*.). Goodwill filed the instant Motion to Dismiss on the grounds that Plaintiff failed to state a claim under Title VII and that he failed to exhaust his administrative remedies required by Title VII. (Rec. Doc. 18). Plaintiff did not oppose Goodwill's Motion.

## Applicable Law

### I. Law applicable to Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the

pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008). With these precepts in mind, the Court considers Plaintiff's Complaint.

## II. Whether Plaintiff stated a Title VII claim.

Though not specifically stated, it appears that Plaintiff is alleging that Goodwill is liable to him under Title VII for harassment, discrimination, and/or retaliation. (Rec. Doc. 1). Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin, and from retaliating against employees who complain about said discrimination. 42. U.S.C. § 2000e-2(a). To establish a claim of hostile work environment under Title VII, a plaintiff must prove he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012)(citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir.2002)).

"To establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). "An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an

unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)

The Court agrees with Goodwill that Plaintiff's Complaint is devoid of any factual allegations suggesting that he was harassed based on any protected characteristic. Specifically, Plaintiff does not allege any connection between his race, color, religion, sex, or national origin and the alleged harassment. Plaintiff's Complaint is also devoid of any factual allegations that he participated in any activity protected by Title VII and that he was terminated because of such protected activity. Plaintiff alleges only that he was fired for purported overuse of the gas card. (Rec. Doc. 1). These facts, even if assumed true, do not suggest that Plaintiff engaged in any protected activity, such as complaining about race, color, religion, sex, or national origin discrimination. *See Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010). As such, these factual allegations do not establish a *prima facie* case under Title VII. Thus, the Court recommends that Plaintiff's Title VII claims be dismissed.

**III. Whether Plaintiff satisfied pre-suit requirements.**

Goodwill next seeks dismissal of Plaintiff's claims for failure to exhaust administrative remedies. As a precondition to filing suit under Title VII,

complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the appropriate agency, the EEOC in this case. The Fifth Circuit summarized the applicable law as follows:

> Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court.

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) (citations and internal quotations omitted).

Plaintiff alleges that he filed a charge of discrimination with the EEOC and was awaiting an interview at the time he filed his Complaint. (Rec. Doc. 1, p. 1-2). Plaintiff further noted that he had not received a right-to-sue notice. (*Id*.). Because Plaintiff initiated this action prior to receiving a notice of his right to sue, he had not exhausted his administrative remedies prior to filing his Complaint.

Plaintiff did not oppose Goodwill's Motion to Dismiss and has not indicated a desire to amend the complaint. Accordingly, the Court recommends that Goodwill's Motion to Dismiss be granted and that Plaintiff's claims be dismissed.

**Conclusion**

For the reasons discussed herein, the Court recommends that Goodwill's Motion to Dismiss (Rec. Doc.18) be GRANTED and that Plaintiff's claims be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 28th day of February, 2024.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE